IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN CROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**08 C 607**

**FILED**
**JANUARY 28, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Now comes the Plaintiff, KEVIN CROW, by his attorneys, MARK D. DE BOFSKY, and DALEY, DE BOFSKY & BRYANT, and complaining against the Defendant, PRUDENTIAL INSURANCE COMPANY OF AMERICA, he states:

### *Jurisdiction and Venue*

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and, in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group short-term and long-term disability insurance plan underwritten and insured by Prudential Insurance Company of America ("Prudential) for the benefit of employees of Corptax, LLC. ("Corptax").

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

**JUDGE LEFKOW**
**MAGISTRATE JUDGE COX**

*Nature of Action*

4. This is a claim seeking disability income benefit payments to Plaintiff pursuant to a policy of group short-term and long-term disability insurance (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") underwritten and insured by Prudential under Policy No. 21087 for the benefit of employees of Corptax. This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

*The Parties*

5. The Plaintiff, Kevin Crow ("Crow") (DOB 12/xx/53), is and was a resident of Lindenhurst, Illinois at all times relevant hereto.

6. The Defendant, Prudential, is the underwriter and insurer of Corptax Short Term Disability Coverage and Corptax Long Term Disability Coverage ("Plan"), Group Policy Number 21087, issued to Corptax for the benefit of its employees. At all times relevant hereto, Prudential was engaged in the business of insurance and in the administration of benefits under the aforementioned policy of insurance within the Northern District of Illinois.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to his employment with Corptax, Crow received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

*Statement of Facts*

8. Crow was employed as a Tax Manager for Corptax until December 22, 2006, when he was forced to cease working due to severe pain in his right stump (right leg amputation 1974), diabetes mellitus/Type II and associated diabetic neuropathy in the hands and feet,

complications from hepatitis C, hypertension, hyperlipidemia and deep vain thrombosis. Crow has not been actively employed since that date.

9. Subsequent to ceasing employment, Crow made a claim for short-term disability (STD) benefits under the Plan. Prudential awarded Crow STD benefits and paid those benefits until terminating them on March 4, 2007, stating that Crow was no longer eligible for STD benefits. Pursuant to the Plan, short-term disability is defined as follows:

- You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
- You have a 20% or more loss in weekly earnings due to the same sickness or injury.

STD Plan p. 9 (Exhibit A).

10. Crow additionally made a claim for long-term disability (LTD) benefits under the Plan, supporting his claim with numerous medical records and other evidence certifying he met the Plan's definition of long-term disability, which is defined as follows:

- You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
- You have a 20% or more loss in your indexed monthly earnings due to that sickness or injury.

LTD Plan p. 10 (Exhibit A).

11. Concurrent with his claim for disability benefits, Crow also applied for and was awarded Social Security disability benefits. Crow has continued to receive Social Security benefits since the onset of disability. The Social Security award signified a finding by the Social Security Administration that Crow is unable to engage in "any substantial gainful activity." 42 U.S.C. §423(d)(1)(A) (definition of disabled under Social Security Act).

12. Despite overwhelming evidence demonstrating Crow's disability, Prudential denied his claim for LTD benefits on March 7, 2007.

13. After being notified that Prudential terminated his STD benefits and denied his claim for LTD benefits, Crow submitted an appeal of the decision, supporting the appeal with additional medical evidence from his treating physicians. However, on June 6, 2007, Prudential upheld its decision to terminate Crow's STD benefits and deny Crow's claim for LTD benefits, relying on the report of a physician who merely reviewed Crow's file without examining him.

14. Crow subsequently submitted a second appeal of Prudential's decision on December 3, 2007, again including material medical and vocational evidence and witness statements in support of his claim. On January 11, 2008, Prudential again upheld its termination of his STD benefits and denial of his LTD benefits.

15. All required and voluntary pre-suit appeals seeking reinstatement of benefits have now been exhausted.

16. The determination by Prudential is contrary to the terms of the Plan and has no rational support in the evidence. The decision is also contrary to the reports and assessments of all treating physicians; and by relying on the opinion of a physician who never examined the plaintiff, Prudential has denied Crow due process of law since its determination was based on hearsay evidence that cannot constitute substantial evidence in a civil action brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

17. As a direct and proximate result of the foregoing, based on the evidence submitted to Prudential establishing Crow has met and continues to meet the Plan's disability definitions, Crow is entitled to all benefits due since March 2007, and such benefits must continue until he recovers from disability, dies, or reaches the age of 65, whichever comes first.

WHEREFORE, Plaintiff prays for the following relief:

  A. That the court enter judgment in Plaintiff's favor and against Defendant and that the court order Defendant to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

  B. That the court order Defendant to pay Plaintiff prejudgment interest at a rate of 9% per annum on all benefits that have accrued prior to the date of judgment in accordance with 215 ILCS 5/357.9 or 5/357.9a;

  C. That the court determine and then declare that Defendant is required to continue paying Plaintiff benefits so long as he meets the policy terms and conditions for receipt of benefits;

  D. That the court award Plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g); and

  E. That Plaintiff recover any and all other relief which he may be entitled, as well as the costs of suit.

Dated: January 28, 2008         /s/ Mark D. DeBofsky

                         _____

Mark D. DeBofsky          One of the attorneys for Plaintiff
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60602
(312) 372-5200
FAX (312) 372-2778