UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN CROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-00607 |
| | ) | |
| | ) | Judge Lefkow |
| PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | Magistrate Judge Cox |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PRUDENTIAL INSURANCE
CO. OF AMERICA'S ANSWER AND DEFENSES**

Defendant Prudential Insurance Company of America, by and through its attorneys, hereby answers the Complaint in the above referenced matter as follows:

Jurisdiction and Venue

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and, in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group short-term and long-term disability insurance plan underwritten and insured by Prudential Insurance Company of America ("Prudential) for the benefit of employees of Corptax, LLC ("Corptax").

**ANSWER:** Defendant admits jurisdiction..

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

**ANSWER:** The allegations of the first sentence of paragraph 2 constitute conclusions of law for which no responsive pleading is required.  Defendant admits that Plaintiff has exhausted administrative appeals.

3. Venue is proper in the Northern District of Illinois.  29 U.S.C. §1132 (e)(1), 28 U.S.C. §1391.

**ANSWER:** Venue is admitted.

## Nature of Action

4. This is a claim seeking disability income benefit payments to Plaintiff pursuant to a policy of group short-term and long-term disability insurance (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") underwritten and insured by Prudential under Policy No. 21087 for the benefit of employees of Corptax. This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

**ANSWER:** Defendant admits that it entered into a contract of insurance with Corptax to provide short- and long-term disability benefits to employees of Corptax according to the terms and conditions of the Plan and Policy.  Defendant further admits that it underwrites and insures the Plan and that a copy of the Plan is attached to the Complaint as "Exhibit 'A' and that plaintiff is seeking benefits under the Plan.  Defendant denies that Plaintiff is entitled to benefits under the Plan.

## The Parties

5. The Plaintiff, Kevin Crow ("Crow") (DOB 12/xx/53), is and was a resident of Lindenhurst, Illinois at all times relevant hereto.

**ANSWER:**   After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.   The Defendant, Prudential, is the underwriter and insurer of Corptex Short Term Disability Coverage and Corptex Long Term Disability Coverage ("Plan"), Group Policy Number 21087, issued to Corptax for the benefit of its employees.  At all times relevant hereto, Prudential was engaged in the business of insurance and in the administration of benefits under the aforementioned policy of insurance within the Northern District of Illinois.

**ANSWER:**   Defendant admits that it is the underwriter and insurer of Group Policy Number 21087 issued to Corptax.  Defendant admits that it acted as the claims administrator for that Plan.  Defendant further admits that it is authorized to do business as an insurer in the Northern District of Illinois.

7.   At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to his employment at Corptax, Crow received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7).  This claim relates to benefits under the foregoing Plan.

**ANSWER:**   Defendant admits that the Plan is an ERISA employee welfare benefit plan, but after reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

Statement of Facts

8.   Crow was employed as a Tax Manager for Corptax until December 22, 2006, when he was forced to cease working due to severe pain in his right stump (right leg amputation 1974), diabetes mellitus/Type II and associated diabetic neuropathy in the hands and feet, complications from hepatitis C, hypertension, hyperlipidemia and deep vein thrombosis.  Crow has not been actively employed since that date.

**ANSWER:** After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

9. Subsequent to ceasing employment, Crow made a claim for short-term disability (STD) benefits under the Plan. Prudential awarded Crow STD benefits and paid those benefits until terminating them on March 4, 2007, stating that Crow was no longer eligible for STD benefits. Pursuant to the Plan, short-term disability is defined as follows:
- You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
- You have a 20% or more loss in weekly earnings due to the same sickness or injury.

STD Plan p. 9 (Exhibit A).

**ANSWER:** Defendant admits that plaintiff made a claim for short-term disability benefits, and that defendant made benefit payments. Defendant further admits that it terminated disability payments on March 4, 2007 as it determined that plaintiff was no longer eligible to receive benefits. The remaining allegations of paragraph 9 purport to characterize written documents whose terms speak for themselves. Defendant denies the remaining allegations of paragraph 9 to the extent they do not accurately reflect the terms of those documents, or do not contain the terms of those documents in their entirety.

10. Crow additionally made a claim for long-term disability (LTD) benefits under the Plan, supporting his claim with numerous medical records and other evidence certifying he met the Plan's definition of long-term disability, which is defined as follows:
- You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
- You have a 20% or more loss in weekly earnings due to the same sickness or injury.

LTD Plan p. 10 (Exhibit A)

**ANSWER:** Defendant admits that plaintiff made a claim for long-term disability benefits and provided written documents. Defendant denies that plaintiff is eligible for long-term disability benefits. The remaining allegations of paragraph 10 purport to characterize written documents whose terms speak for themselves. Defendant denies the remaining allegations of paragraph 10 to the extent they do not accurately reflect the terms of those documents, or do not contain the terms of those documents in their entirety.

11. Concurrent with his claim for disability benefits, Crow also applied for and was awarded Social Security disability benefits. Crow has continued to receive Social Security benefits since the onset of disability. The Social Security award signified a finding by the Social Security Administration that Crow is unable to engage in "any substantial gainful activity." 42 U.S.C. §423(d)(1)(A) (definition of disabled under Social Security Act).

**ANSWER:** Defendant admits that plaintiff made a claim for Social Security Disability benefits and was awarded those benefits. After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

12. Despite overwhelming evidence demonstrating Crow's disability, Prudential denied his claim for LTD benefits on March 7, 2007.

**ANSWER:** Defendant admits that plaintiff's claim for long-term disability benefits was denied on or about March 7, 2007. Defendant denies the remaining allegations contained in paragraph 12.

13. After being notified that Prudential terminated his STD benefits and denied his claim for LTD benefits, Crow submitted an appeal of the decision, supporting the appeal with additional medical evidence from his treating physicians. However, on June 6, 2007, Prudential upheld its decision to terminate Crow's STD benefits and deny

Crow's claim for LTD benefits, relying on the report of a physician who merely reviewed Crow's file without examining him.

**ANSWER:** Defendant admits that plaintiff appealed the denial of benefits and submitted additional written documents. Defendant further admits that it upheld its decision to deny benefits on or about June 6, 2007. Defendant denies the remaining allegations contained in paragraph 13.

14. Crow subsequently submitted a second appeal of Prudential's decision on December 3, 2007, again including material medical and vocational evidence and witness statements in support of his claim. On January 11, 2008, Prudential again upheld its termination of his STD benefits and denial of his LTD benefits.

**ANSWER:** Defendant admits that plaintiff made a second appeal of the denial of benefits and submitted additional written documents. Defendant further admits that it upheld the denial of benefits on or about January 11, 2008. Defendant denies the remaining allegations contained in paragraph 14.

15. All required and voluntary pre-suit appeals seeking reinstatement of benefits have now been exhausted.

**ANSWER:** Defendant admits that plaintiff exhausted administrative appeals.

16. The determination by Prudential is contrary to the terms of the Plan and has no rational support in the evidence. The decision is also contrary to the reports and assessments of all treating physicians; and by relying on the opinion of a physician who never examined the plaintiff, Prudential has denied Crow due process of law since its determination was based on hearsay evidence that cannot be constitute substantial evidence in a civil action brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

**ANSWER:** Denied.

17. As a direct and proximate result of the foregoing, based on the evidence submitted to Prudential establishing Crow has met and continues to meet the Plan's

disability definitions, Crow is entitled to all benefits due since March 2007, and such benefits must continue until he recovers from disability, dies, or reaches the age of 65, whichever comes first.

**ANSWER:**   Denied.

Defendant denies each and every other allegation not specifically admitted herein.

## ADDITIONAL DEFENSES

1. Any and all state law claims are preempted by ERISA because Plaintiff seeks benefits under the terms of an ERISA governed welfare plan.

2. Defendant has discretion to interpret the Plan, make eligibility determinations under the Plan, and to make any and all factual determinations under the Plan. Defendant's determinations under the Plan are entitled to deference.

3. Any benefits due under the Plan are subject to offset in accordance with the terms of the Plan.

4. Defendant is entitled to its attorney's fees under 29 U.S.C. § 1132(g).

WHEREFORE, defendant respectfully requests that judgment be entered in its favor, that the Complaint be dismissed with prejudice, and that Defendant be awarded its costs and fees.

Dated: March 7, 2008

                                        Respectfully submitted,

                                        /s/ Lucy Dunn Schwallie_____

Charles C. Jackson
Lucy Dunn Schwallie
MORGAN, LEWIS, & BOCKIUS
77 W. Wacker, Fifth Floor
Chicago, IL 60657
(312) 324-1000
(312) 324- 1001 (facsimile)


Attorneys for Defendant, Prudential
Insurance Company of America

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Mark D. DeBofsky
>Daley, DeBofsky & Bryant
>55 W. Monroe St., Suite 2440
>Chicago, IL 60602

>/s/ Lucy Schwallie_____
>Lucy Dunn Schwallie